UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WANDA HERRINGTON | * | |
|     Plaintiff | * | CASE NO. 2:22-cv-1034 |
| | * | |
| VERSUS | * | |
| | * | JUDGE |
| | * | |
| DG LOUISIANA, LLC D/B/A | * | |
| DOLLAR GENERAL STORE NO. 14815, | * | MAGISTRATE |
| JOHN DOE, AND ABC INSURANCE | * | |
| COMPANY | * | |
|     Defendants | * | A JURY IS DEMANDED |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

TO:    The Honorable Judges
          of the United States District Court
          for the Eastern District of Louisiana

Defendant, **DG LOUISIANA, LLC**, respectfully submits this Notice of Removal of the above-captioned matter, and as cause therefore shows as follows:

1.

On March 15, 2022, the attached Petition for Damages was filed in the 29th Judicial District Court for the Parish of St. Charles, State of Louisiana, entitled *Wanda Herrington vs. DG Louisiana, LLC D/B/A Dollar General Store No. 14815, John Doe, and ABC Insurance Company* bearing case number 90238, Division C.[1]

2.

Plaintiff's Petition for Damages alleges personal injuries sustained as a result of an incident on March 30, 2021 at a Dollar General store located in Luling, Louisiana.[2] Plaintiff makes multiple

---

[1] See Exhibit A, Plaintiffs' Petition for Damages.
[2] See Exhibit A.

allegations of negligence against DG Louisiana, LLC as well as fictitious defendants John Doe and ABC Insurance Company. Specifically, Plaintiff alleges that "she slipped and fell due to spilled dishwashing liquid on the floor, which resulted in personal and bodily injuries."[3] The Petition for Damages does not contain any information that would put Defendants on notice that the potential amount in controversy for this matter exceeds $75,000.00, exclusive of interest and costs. However, communications with Plaintiff's counsel reflect the amount in controversy exceeds $75,000.

3.

As required under Louisiana law, Plaintiff's Petition did not specify an amount of damages sought. The Fifth Circuit has "established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1).[4] Since Louisiana law prohibits Plaintiff from setting forth a specific dollar amount of damages, Defendant must prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence.[5] If, as in this particular case, it is not facially apparent that the claims are likely to exceed $75,000, "the district court can then require parties to submit summary judgment-type evidence, relevant to the amount in controversy at the time of removal."[6] Once the removing party makes this showing by a preponderance of the evidence, "**removal is deemed proper unless the plaintiffs show to a legal certainty that their recovery will not exceed the jurisdictional amount**."[7]

---

[3] See Exhibit A, at ¶ 4.
[4] *Creppel v. Fred's Stores of Tennessee, Inc.*, 2013 WL 3490927, at *2 (E.D. La. 2013), citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000);
[5] *Id.*, citing *Manguno v. Prudential Prop. And Cas. Ins. Co.*, 276 F.3d 720 (5th Cir. 2002); See also, *Phefferkorn v. Brookshire Grocery Company*, 2019 WL 847938 at *2 (W.D. La. 1/29/2019).
[6] *Creppel*, 2013 WL 3490927 at *2, citing *Manguno*, 276 F.3d at 723; See also, *Phefferkorn*, 2019 WL 847938 at *2 (W.D. La. 1/29/2019).
[7] *Creppel*, 2013 WL 3490927 at *2, citing *Fairchild v. State Farm Mut. Automobile Ins. Co.*, 907 F.Supp. 969, 970 (M.D. La. 1995) (emphasis supplied); See also, *Phefferkorn*, 2019 WL 847938 at *2 (W.D. La. 1/29/2019).

Here, Plaintiff's Petition for Damages does not contain any information that would put Defendant on notice that the potential amount in controversy for this matter exceeds $75,000, exclusive of interest or costs. As such, on March 29, 2022, Defendant inquired as to whether Plaintiff's damages exceed or are less than $75,000. Specifically, counsel for DG Louisiana, LLC asked, "Is Ms. Herrington seeking damages above $75,000?".[8] In response, Plaintiff's counsel responded, "Yes, that's correct."[9] Moreover, Plaintiff's response is a clear admission that damages exceed $75,000, and there is no evidence to suggest, let alone establish to a legal certainty, that the amount in controversy is really for less than the jurisdictional amount. Therefore, the plain language of Plaintiff counsel's correspondence clearly suggests that the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.

Pursuant to 28 U.S.C. Section 1446(b)(1), a notice of removal "shall be filed within 30 days after the receipt by defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"[10] On March 29, 2022, Plaintiff's counsel admitted to Defendant that Ms. Herrington's damages exceed $75,000.[11] As such, removal is timely pursuant to 28 U.S.C. §1446(b)(1).

5.

For purposes of determining whether this Court has original jurisdiction for this action under 28 U.S.C. §1332, this Court should ignore fictitious Defendants, John Doe and ABC Insurance Company.

6.

---

[8] See Exhibit B, March 29, 2022 email communication between Plaintiff and Defendant.
[9] See Exhibit B.
[10] 28 U.S.C. Section 1446(b)(1).
[11] See Exhibit B.

Accordingly, this Court has original jurisdiction of this action under 28 U.S.C. § 1332, and this action is, therefore, removable to this court on the basis that:

- A. The properly joined parties to this action are completely diverse:
    1. Plaintiff, Wanda Herrington, is a citizen and domiciliary of St. Charles Parish, State of Louisiana; and
    2. DG Louisiana, LLC, is a single member limited liability company whose sole member is Dolgencorp, LLC, whose sole member is Dollar General Corporation, which is incorporated and has its principal place of business in Tennessee.
- B. The amount in controversy herein exceeds the sum of $75,000.00, exclusive of interest and costs. As is proper under Louisiana law, the petition does not specify an amount of damages sought. However, Plaintiff's counsel admitted that Ms. Herrington's damages exceed $75,000.00.[12]

7.

This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy exceeds $75,000.00, exclusive of interest and costs and complete diversity exists between all adverse and properly joined parties.

8.

The 29th Judicial District Court for the Parish of St. Charles, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper

---

[12] See Exhibit B.

in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

9.

Defendant prays for a jury trial on all issues.

**WHEREFORE**, removing Defendant, DG Louisiana, LLC, prays that the above action now pending in the 29th Judicial District Court for the Parish of St. Charles, State of Louisiana, be removed therefrom to this Honorable Court. DG Louisiana, LLC additionally prays for a jury trial on all issues.

**Respectfully submitted,**

_/s/ Michael L. Ballero_
TREVOR C. DAVIES (#32846)
SHANNON O. HARRISON (#26163)
MICHAEL L. BALLERO (#36793)
**WANEK KIRSCH DAVIES LLC**
1340 Poydras Street, Suite 2000
New Orleans, LA 70112
Telephone: (504) 324-6493
Facsimile: (504) 324-6626
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by electronic mail and/or by placing same in the U.S. Mail, postage prepaid and properly addressed this 18th day of April, 2022.

_/s/ Michael L. Ballero_