# CITATION FOR PETITION

**HERRINGTON, WANDA**

Versus

**DG LOUISIANA LLC DBA - ET AL**



Civil Case: 00090238
Division: C
29th Judicial District Court
Parish of St. Charles
State of Louisiana

PLEASE SERVE:   DG LOUISIANA LLC D/B/A DOLLAR GENERAL
THROUGH THEIR REDISTERED AGENT FOR SERVICE
CORPORATION SERVICE COMPANY
501 LOUISIANA AVE
BATON ROUGE, LA 70802

You are named as a defendant in the above captioned matter. Attached to this citation is a:

- ☒ Certified Copy of Original Petition
- ☐ Certified Copy of Amended Petition
- ☐ Discovery Request

You must either comply with the demand contained in the petition or make an appearance either by filing an answer or other pleading in the 29th Judicial District Court located 15045 River Road, P.O. Box 424 Hahnville, Louisiana 70057 within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with ten (10) days after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A. A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law. If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition within **thirty (30) days** after service of the amended petition.

B. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within fifteen (15) days after the exception is overruled or referred to the merits, or fifteen (15) days after service of the Amended Petition.

C. The Court may grant additional time for answering.

**THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.**

This Citation was issued by the Clerk for the Court for the 29th Judicial District Court, Parish of St. Charles, on the 17TH day of March, 2022.

Respectfully,
Lance Marino
CLERK OF COURT

Kristy Allen
Deputy Clerk of Court

## Service Information

Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20____ served the above-named party as follows:

**Personal Service** on the party herein named _____.
**Domiciliary Service** or **Departmental Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

Returned: Parish of _____ this _____ day of _____, 20_____.

Service    $_____

Total    $_____

By: _____
Deputy Sheriff

[ ORIGINAL ]



**EXHIBIT A**

## 29TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST CHARLES

### STATE OF LOUISIANA

90238

**WANDA HERRINGTON**

**DIV. C**
**JUDGE**
**CONNIE M. AUCOIN**

VS.

**DG LOUISIANA, L.L.C. D/B/A DOLLAR GENERAL STORE NO. 14815, JOHN DOE, AND ABC INSURANCE COMPANY**

FILED: _____                          _____
                                                **DEPUTY CLERK**

### PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel comes Petitioner, **WANDA HERRINGTON**, a person of the full age of majority and domiciled in the Parish of St. Charles, State of Louisiana, who respectfully represents the following:

1.

**Made Defendants herein are:**

- **A.) DG LOUISIANA, L.L.C. D/B/A DOLLAR GENERAL STORE NO. 14815,** upon information and belief, is a foreign corporation licensed to do and doing business in the State of Louisiana with its principal business office in the State located at 501 Louisiana Avenue, Baton Rouge, Louisiana 70802;

- **B.) JOHN DOE,** upon information and belief, a person of the full age of majority and the manager at **DOLLAR GENERAL STORE NO. 14815**, who was responsible for maintaining the store in a safe condition to prevent that type of accident sued here upon, and a resident of the State of Louisiana; and

- **C.) ABC INSURANCE COMPANY,** upon information and belief, is a foreign insurance company, authorized to do, and doing business in the State of Louisiana, who at all times relevant hereto had in full force and effect a policy of liability insurance insuring the Defendant, **DG LOUISIANA, L.L.C. D/B/A DOLLAR GENERAL STORE NO. 14815,** from the type of liability alleged herein.

2.

Venue is proper in this Parish pursuant to *Louisiana Civil Code of Procedure Article 74* because the wrongful conduct occurred and the damages were sustained in the Parish of St. Charles.

3.

On or about March 30, 2021, Petitioner, **WANDA HERRINGTON**, was a guest patron and invitee of **DG LOUISIANA, L.L.C. D/B/A DOLLAR GENERAL STORE NO. 14815**, located in Luling, Louisiana, an area within the jurisdiction of this Court.

4.

After entering **DOLLAR GENERAL STORE NO. 14815** for routine shopping, **WANDA HERRINGTON** proceeded towards the register, when suddenly and without warning, she slipped and fell due to spilled dishwashing liquid on the floor, which resulted in personal and bodily injuries to the Petitioner.

5.

Immediately following the fall, the incident was reported to **DOLLAR GENERAL STORE NO. 14815** store management, **JOHN DOE**, who signed off on the Customer Incident Report. Upon information and belief, **JOHN DOE** was responsible for keeping **DOLLAR GENERAL STORE NO. 14815** in a safe condition, free of unreasonably hazardous or dangerous conditions such as the spilled dishwasher soap, and **JOHN DOE** failed to do so.

6.

The spilled dishwashing liquid was a hazardous substance and was the direct cause of the Petitioner's injury. **DOLLAR GENERAL STORE NO. 14815** knew or should have known that a dangerous condition existed.

7.

**DOLLAR GENERAL STORE NO. 14815** failed to place or set-out cones or warning placards to warn guest patrons of the spilled dishwashing liquid on the floor. **DOLLAR GENERAL STORE NO. 14815** had a duty to the public, and especially the Petitioner, to maintain its premises in a reasonably safe condition for the public's use but failed to do so.

8.

The existence of the hazardous liquid substance on the floor presented an unreasonable risk of harm to the patrons of **DOLLAR GENERAL STORE NO. 14815,** and especially to the Petitioner, and that risk of harm was or should have been reasonably foreseeable by **DOLLAR GENERAL STORE NO. 14815.**

9.

Upon information and belief **DOLLAR GENERAL STORE NO. 14815 and/or JOHN DOE** had actual and/or constructive knowledge of the substance on the floor and was on notice of the spilled dishwashing liquid, which created a hazard prior the petitioner's accident. **DOLLAR GENERAL STORE NO. 14815** and **JOHN DOE** had a duty to the public, and especially the Petitioner, to discover and keep the premises free of any hazardous conditions that might reasonably give rise to damages but failed to do so.

10.

Petitioner shows that the accident and the resulting injuries were caused solely by the direct, gross negligence, fault, want of care on the part of the Defendants **DG LOUISIANA, L.L.C. D/B/A DOLLAR GENERAL STORE NO. 14815 and JOHN DOE,** their employees, agents and/or assigns in the following non-exclusive enumerated acts and omissions:

A. Failure to exercise reasonable care to prevent the unreasonably dangerous condition which caused plaintiff's injuries;

B. Failure to exercise reasonable care to prevent the injury to plaintiff;

C. Creating an unreasonably dangerous condition and failing to correct it or warn of its existence;

D. Failure to discover an unreasonably dangerous condition and failing to correct it or war of its existence;

E. Failure to properly follow reasonable and adequate cleanup procedures which would have removed the unreasonably dangerous condition which injured petitioner.

F. Failure to properly enforce reasonable and adequate cleanup procedures which would have removed the unreasonably dangerous condition which injured petitioner.

G. Failure to routinely inspect and keep the premises in a safe and suitable condition;

H. Failure to provide a safe environment for its patrons;

I. Failure to keep the floors of its establishment free of foreign matter;

J. Failure to promptly clean up the clear liquid substance;

K. For any and all other want of care, dereliction of duty, acts of negligence as may be determined, including but not limited to *Louisiana Civil Code Article, 2315, et seq.,* most notably *Civil Code Article 2315, 2316, 2317, and 2320;* and

L. All other acts of negligence to be determine at the time of trial.

11.

That as a direct result of the incident described herein above, the Petitioner, **WANDA HERRINGTON**, sustained injuries including but not limited to broken ribs, knee pain, wrist pain, arm pain, ankle pain, and severe and debilitating injuries in the following particulars:

a. Past, present, and future mental and physical pain and suffering;

b. Past, present, and future medical expenses;

c. Past, present and future pain, suffering, and mental anguish and emotional distress;

d. Permanent damage and disability;

e. Loss of enjoyment of life; and

f. Such other elements of damages which will be more fully shown at a trial on the merits.

12.

That at all times material hereto, there was in full force and effect a policy of liability insurance issued by Defendant, **ABC INSURANCE COMPANY**, which by the terms and conditions of said policy, **ABC INSURANCE COMPANY** contractually agreed to afford liability insurance company for injuries caused by, **DG LOUISIANA, L.L.C. D/B/A DOLLAR GENERAL STORE NO. 14815 AND JOHN DOE** and therefore, **ABC INSURANCE COMPANY** is made a party Defendant, and is liable for whatever **DG LOUISIANA, L.L.C. D/B/A DOLLAR GENERAL STORE NO. 14815 AND JOHN DOE** may be cast in judgment.

13.

**WHEREFORE,** Petition, **WANDA HERRINGTON,** prays that the Defendants **DG LOUISIANA, L.L.C. D/B/A DOLLAR GENERAL STORE NO. 14815, JOHN DOE, AND**

ABC INSURANCE COMPANY be served with copy of this petition and cited to appear and answer same, and that after due proceedings are had, there be judgment in favor of Petitioner, **WANDA HERRINGTON**, and against the Defendants, **DG LOUISIANA, L.L.C. D/B/A DOLLAR GENERAL STORE NO. 14815, JOHN DOE, AND ABC INSURANCE COMPANY** jointly, severally, and *in solido,* for damages as are reasonable in the premises with legal interest thereon from date judicial demand until pain, and for all costs of these proceeding, attorney fees and all general and equitable relief deemed proper by this Honorable Court.

Respectfully Submitted:

*Alvendia, Kelly & Demarest, L.L.C.*

[signature]

**RODERICK "RICO" ALVENDIA, 25554**
**J. BART KELLY III, 24488**
**JEANNE K. DEMAREST, 23032**
**KURT A. OFFNER, 28176**
**JENNIFER L. KUECHMANN, 36886**
**CASSIE P. GAILMOR, 33319**
909 Poydras Street, Suite 1625
New Orleans, Louisiana 70112
Telephone: (504) 200-0000
Facsimile: (504) 200-0001
Email: cassie@akdlalaw.com

**AND**

**JOSEPH B. ROCHELLE, 32230**
110 Avenue of Oaks
Destrehan, Louisiana 70047
Phone: (985) 722-4003

***ATTORNEYS FOR PLAINTIFF***

STATE OF LOUISIANA
PARISH OF ST. CHARLES
  I HEREBY CERTIFY THAT THE WITHIN AND FOREGOING IS A TRUE COPY OF THE ORIGINAL ON FILE IN THIS OFFICE.

[signature]
CLERK OF COURT
ST. CHARLES PARISH

**PLEASE SERVE:**

**DG LOUISIANA, L.L.C. D/B/A DOLLAR GENERAL**
Through their registered agent for service
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, Louisiana 70802

**JOHN DOE**
(Hold service)

**ABC INSURANCE COMPANY**
(HOLD SERVICE)