UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WANDA HERRINGTON** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 22-1034** |
| **DG LOUISIANA, ET AL.** | **SECTION I** |

## ORDER & REASONS

Before the Court is plaintiff, Wanda Herrington's ("Herrington") motion[1] to remand the above-captioned case to the 29th Judicial District Court for the Parish of St. Charles. Defendant, DG Louisiana, LLC ("DG Louisiana") opposes[2] the motion. Plaintiff filed a reply memorandum[3] in support of the motion to remand. For the reasons that follow, the Court will deny the motion to remand and dismiss plaintiff's claims as to Debra Nelson.

### I. BACKGROUND

Herrington filed this case in state court, alleging that she slipped and fell at defendant's Dollar General Store, due to the presence of spilled dishwashing liquid on the floor.[4] Herrington alleges negligence on the part of DG Louisiana and/or "John Doe," the manager who was on duty at the time of the incident and whose signature

---

[1] R. Doc. No. 15.
[2] R. Doc. No. 21.
[3] R. Doc. No. 30.
[4] R. Doc. No. 1-2, at 3 ¶ 4.

is reflected on the customer incident report.[5] Herrington also named "ABC Insurance Company" as a defendant.[6]

Plaintiff is a citizen of Louisiana.[7] DG Louisiana is a single-member limited liability company whose sole member is Dolgencorp, LLC, whose sole member is Dollar General Corporation, which is incorporated and has its principal place of business in Tennessee.[8] The petition alleged that "ABC Insurance Company" is a foreign insurance company.[9] The petition alleged that "John Doe" is a citizen of Louisiana.[10]

On April 18, 2022, defendant removed this action to federal court, invoking diversity jurisdiction.[11] Defendant averred that the Court should disregard the citizenship of the fictitious defendants, "John Doe" and "ABC Insurance Company" for the purposes of determining diversity jurisdiction.[12] Plaintiff subsequently amended her complaint, replacing "John Doe" with Debra Nelson, and alleging that Nelson is a citizen of Louisiana.[13] In the instant motion to remand, plaintiff submits that diversity jurisdiction is lacking, because both Herrington and Nelson are citizens

---

[5] R. Doc. No. 1-2, at 1 ¶ 1, 3 ¶ 5.
[6] *Id.* at 1 ¶ 1.
[7] R. Doc. No. 1, at 4.
[8] *Id.*
[9] *Id.* at 1 ¶ 1.
[10] *Id.* at 1 ¶ 1.
[11] R. Doc. No. 1, at 6.
[12] R. Doc. No. 1, at 3 ¶ 5.
[13] R. Doc. No. 19.

of Louisiana.[14] Defendant responds that the Court should deny the motion to remand because Nelson is improperly joined and, therefore, the Court has diversity jurisdiction in this action.[15]

## II. STANDARD OF LAW

"Under the federal removal statute, a civil action may be removed from a state court to a federal court on the basis of diversity" because "the federal court has original subject matter jurisdiction over such cases." *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016) (citing 28 U.S.C. § 1441(a)). "The only caveat is that, when a properly joined defendant is a resident of the same state as the plaintiff, removal is improper." *Id.*

In *Smallwood v. Ill. Cent. R.R. Co.*, the en banc Fifth Circuit explained that it has "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the nondiverse party in state court.'" 385 F.3d 568, 573 (5th Cir. 2004) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).[16] As to the second method, the Fifth Circuit held that the test "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* "The party seeking removal bears a heavy burden of proving

---

[14] R. Doc. No. 15-2, at 6.
[15] R. Doc. No. 21, at 4.
[16] Plaintiff does not allege actual fraud.

3

that the joinder of the in-state party was improper." *Smallwood*, 385 F.3d at 574; *see also Int'l Energy Ventures Mgmt. LLC*, 818 F.3d at 199–200.

In order to assess plaintiff's possibility of recovery against Nelson, the Court "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 574. "To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 574.

The federal pleading standard, not a state pleading standard, governs whether a plaintiff has stated a claim against the nondiverse defendant for the purposes of the *Smallwood* improper joinder analysis. *See Int'l Energy Ventures Mgmt., LLC*, 818 F.3d at 200. "To pass muster under Rule 12(b)(6), [a] complaint must have contained enough facts to state a claim to relief that is plausible on its face." *Id.* (quoting *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014)).

### III. LAW AND ANALYSIS

There is no dispute that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. The dispositive issue is whether there is complete diversity of citizenship between the parties, which hinges on the issue of whether plaintiff has stated a negligence claim for which Nelson could be personally liable.

"Under Louisiana law, an employee is personally liable if (1) the employer owes a duty of care to a third person; (2) the employer delegated that duty to a defendant-employee; (3) and the defendant-employee breached the duty through his own fault and lack of ordinary care." *Moore v. Manns*, 732 F.3d 454, 456–57 (5th Cir. 2013) (citing *Canter v. Koehring Co.*, 283 So. 2d 716, 721 (La. 1973), *superseded on other grounds by statute*, La. Rev. Stat. § 23:1032). "However, a defendant-employee's 'general administrative responsibility' is insufficient to impose personal liability." *Id.* (citing *Canter*, 283 So. 2d at 721).

When examining whether an employee breached a delegated duty of care, "[a]n employee who has personal knowledge of a danger and fails to cure the risk of harm may be liable for plaintiff's injuries under *Canter*." *Amaya v. Holiday Inn New Orleans-French Quarter*, No. 11-1758, 2011 WL 4344591, at *3 (E.D. La. Sept. 15, 2011) (Africk, J.); *see also Ford v. Elsbury*, 32 F.3d 931, 936 (5th Cir. 1994) ("A supervisor's knowledge of the dangers present could give rise to the personal duty contemplated in *Canter*.") (internal quotation marks and citation omitted).

In her amended complaint, plaintiff charges DG Louisiana and Nelson with the following acts or omissions:

    a.    failure to exercise reasonable care to prevent the unreasonably dangerous condition which caused plaintiff's injuries;

    b.    failure to exercise reasonable care to prevent the injury to plaintiff;

    c.    creating an unreasonably dangerous condition and failing to correct it or warn of its existence;

    d.    failure to discover and an unreasonably dangerous condition and failing to correct it or war of its existence;

    e.    failure to properly follow reasonable and adequate cleanup procedures which would have removed the unreasonably dangerous condition which injured petitioner;

    f.    failure to properly enforce reasonable adequate cleanup procedures which would have removed the unreasonably dangerous condition which injured petitioner;

    g.    failure to routinely inspect and keep the premises in a safe and suitable condition;

    h.    failure to provide a safe environment for its patrons;

    i.    failure to keep the floors of its establishment free of foreign matter;

    j.    failure to promptly clean up the clear liquid substance;

    k.    for any and all other want of care, dereliction of duty, acts of negligence as may be determined, including but not limited to Louisiana Civil Code Article, 2315, et seq., most notably Civil Code Article 2315, 2316, 2317, and 2320; and

    l.    all other acts of negligence to be determined at the time of trial.[17]

However, these kinds of "generic allegations . . . [do] not establish that the manager owed a personal duty to ensure the plaintiffs' safety, but instead, deal[] with [the manager's] general duties as a manager of a store[.]" *Rushing v. Wal-Mart Stores, Inc.*, No. 15-269, 2015 WL 1565064, at *3 (E.D. La. Apr. 8, 2015) (Vance, J.) (internal quotation omitted); *accord Rodriguez v. Waffle House, Inc.*, No. 21-699, 2021 WL 6108032, at *4 (E.D. La. June 9, 2021) (Africk, J.); *see also, e.g.*, *Moore*, 732 F.3d at 456–57 (explaining deficiency of allegations of "general responsibilities to oversee

---

[17] R. Doc. No. 19, at 2–3.

safety rather than on evidence of personal fault, as required to trigger individual liability under Louisiana law").

Plaintiff also alleges that Nelson "signed off on" the customer incident report following plaintiff's fall.[18] Even assuming DG Louisiana delegated a duty to Nelson to complete an incident report (and assuming that DG Louisiana had such a duty in the first place), that is not a personal duty—it is a generalized duty arising out of Nelson's employment, and one that any DG Louisiana manager owes to any patron injured on the premises. This is insufficient under *Canter*. *See, e.g., Rodriguez*, 2021 WL 6108032, at *4.

Finally, plaintiff alleges that DG Louisiana "and/or" Debra Nelson "had actual and/or constructive knowledge of the substance on the floor and was on notice of the spilled dishwashing liquid."[19] However, this statement is too conclusory and vague to amount to a sufficient allegation of Nelson's personal knowledge. *See, e.g., id.* (concluding that plaintiff's allegations that defendants had "notice and/or constructive knowledge" of the allegedly dangerous conditions is conclusory and would not be accepted without specific factual allegations as to the defendant's personal knowledge); *Giles v. Wal-Mart Louisiana, LLC*, No. 16-2413, 2016 WL 2825778, at *4 (E.D. La. May 13, 2016) (Barbier, J.) (concluding that plaintiff's allegation that the manager had "actual or constructive knowledge" of the dangerous condition was a "conclusory allegation that the Court is not required to

---

[18] R. Doc. No. 1-2, at 1.
[19] R. Doc. No. 19, at 2 ¶ 3.

accept" and one that did not "amount to an allegation that [the general manager] personally knew of the alleged[] danger[]").

Accordingly, plaintiff has failed to state a claim against Nelson who is, therefore, improperly joined. The Court may ignore Nelson's citizenship for the purpose of determining the existence of subject matter jurisdiction. The parties have asserted no other impediment to this Court's exercise of diversity jurisdiction.

For the same reasons that plaintiff's motion to remand is denied, it is appropriate to dismiss plaintiff's claims against Nelson. *See, e.g.*, *Martin v. Winn Dixie Montgomery, LLC*, No. 15-5770, 2016 WL 952258, at *3–4 (E.D. La. Mar. 14, 2016) (Africk, J.) (finding improper joinder, denying motion to remand, and dismissing improperly joined defendant without prejudice); *Ayala v. Gabriel Bldg. Supply*, No. 12-577, 2012 WL 1579496 (E.D. La. May 4, 2012) (Milazzo, J.), *aff'd sub nom Ayala v. Enerco Grp., Inc.*, 569 F. App'x 241 (5th Cir. 2014) (same); *Williams v. Syngenta Corp.*, No. 15-644, 2016 WL 807762, at *10 (M.D. La. Feb. 3, 2016) (collecting cases). Accordingly,

**IT IS ORDERED** that the motion to remand is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's claims as to Debra Nelson are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, June 22, 2022.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

8