## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**WANDA HERRINGTON**                                    **CIVIL ACTION**

**VERSUS**                                                      **No. 22-1034**

**DG LOUISIANA LLC, ET AL.**                            **SECTION I**

## ORDER & REASONS

Before the Court is a motion *in limine*[1] by defendant DG Louisiana, LLC ("DG") to limit the testimony of plaintiff Wanda Herrington's ("Herrington") treating physicians. Herrington opposed the motion,[2] and DG filed a reply in support.[3] For the following reasons, DG's motion *in limine* is granted.

## I.    FACTUAL BACKGROUND

Herrington alleges that on March 30, 2021, while shopping at defendant's Dollar General store in Luling, Louisiana, she was injured when she slipped on a puddle of dishwashing liquid which had spilled on the floor.[4] As a result of the fall, Herrington alleges that she "sustained injuries including but not limited to broken ribs, knee pain, wrist pain, arm pain, [and] ankle pain."[5] Herrington alleges that the accident resulted from negligence on the part of DG and its employees.[6]

---

[1] R. Doc. No. 43.
[2] R. Doc. No. 45.
[3] R. Doc. No. 48.
[4] R. Doc. No. 1-2, at 3.
[5] *Id.* at 5.
[6] *Id.* at 4.

Herrington's witness and exhibit list indicates that she may call Dr. John Seymour ("Seymour") and Dr. Ronald French ("French") as witnesses at trial.[7] Below each doctor's name, she indicated "Re: Medical Treatment" as the subject of their proposed testimony.[8] French was deposed on August 16, 2022. DG asserts,[9] and Herrington does not dispute, that she did not produce either an expert report or a summary disclosure of either of the physicians' proposed testimony by the applicable deadline.[10] DG contends that, because of this lack of disclosure, Seymour and French should be "precluded from offering testimony or evidence beyond factual findings mentioned in their records and Dr. French's deposition testimony."[11]

## II. LEGAL STANDARD

### A. Rule 26 Expert Disclosures

Pursuant to Federal Rule of Civil Procedure 26(a)(2), parties must disclose expert testimony during discovery. The "basic purpose" of Rule 26 is "preventing prejudice and surprise." *Reed v. Iowa Marine & Repair Corp.*, 16 F.3d 82, 85 (5th Cir. 1994).

"Rule 26 distinguishes between expert witnesses who must provide a written report and expert witnesses who are not required to provide a written report." *Lockett*

---

[7] R. Doc. No. 35, at 2, ¶¶ 8, 9.

[8] *Id.*

[9] R. Doc. No. 43-2, at 2.

[10] The Court's scheduling order stated that plaintiff's expert reports and disclosures were due by July 22, 2022. The parties agreed to extend this deadline to August 22, 2022. R. Doc. No. 43-3, Exhibit A.

[11] R. Doc. No. 43-2, at 1. DG is not seeking to exclude Dr. French's fact and opinion testimony he provided during his deposition. R. Doc. No. 48, at 3.

*v. Doyle Dickerson Terrazzo, Inc.*, No. 19-14782, 2021 WL 6066697, at *2 (E.D. La. Nov. 3, 2021) (Fallon, J.). Experts who have been "retained or specially employed to provide expert testimony in the case or . . . whose duties as the party's employee regularly involve giving expert testimony" must provide a written report. Fed. R. Civ. P. 26(a)(2)(B). Non-retained experts are not required to provide a written report, but the party calling a non-retained expert must disclose (1) "the subject matter on which the witness is expected to present evidence" as an expert witness, and (2) "a summary of the acts and opinions to which the witness is expected to testify." *Id.* 26(a)(2)(C).

As non-retained expert witnesses, treating physicians must comply with the requirements of Rule 26(a)(2)(C). *Rea v. Wisc. Coach Lines, Inc.*, No. 12–1252, 2014 WL 4981803, at *3 (E.D. La. Oct. 3, 2014) (Duval, J.); Fed. R. Civ. P. 26(a)(2)(C) Advisory Committee's Notes to the 2010 Amendment (referencing "physicians and other health care professionals" as "[f]requent examples" of witnesses for whom parties must provide Rule 26(a)(2)(c) disclosures). Where a party fails to provide a summary disclosure for a treating physician, courts limit the physician's testimony to information contained in their medical records and opinions "formed during the course of treatment." *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, No. 16-17039, 2021 WL 111772, at *1 (E.D. La. Jan. 12, 2021) (Milazzo, J.); *Perdomo v. United States*, No. 11-2374, 2012 WL 2138106, at *1 (E.D. La. June 11, 2012) (Zainey, J.).

Testimony regarding medical causation is generally considered to be expert testimony requiring a report or disclosure pursuant to Rule 26. *Robert v. Maurice*, No. 18-11632, 2020 WL 5046487, at *4 (E.D. La. Aug. 26, 2020) (Brown, C.J.) (quoting

*Rea*, 2014 WL 4981803, at *2); *Warren v. Mallory*, No. 18-11613, 2020 WL 4260448, at *3 (E.D. La. July 24, 2020) (Lemelle, J.) ("[T]estimony as to *causation* or as to future medical treatment has been considered the province of expert testimony subject to the requirements of [Rule 26]." (emphasis in original)).

### B. Rule 37 Limitation of Testimony

The parties must provide the information required by Rule 26 by the deadline set forth in the court's scheduling order or, absent a stipulation or court order, at least ninety days before trial. Fed. R. Civ. P. 26(a)(2)(D). If a party fails to timely make these disclosures, that party is not permitted to use the non-disclosed information or witness unless the failure to disclose was "substantially justified" or "harmless." *Id.* 37(c)(1). In considering whether to exclude evidence due to a Rule 26 violation, courts consider: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Loyola v. USAA Gen. Indem. Co.*, No. 20-140, 2022 WL 1447717, at *2 (E.D. La. Apr. 29, 2022) (Barbier, J.) (citing *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007)).

### III.   DISCUSSION

### A. Rule 26 Expert Disclosures

In plaintiff's brief opposition to the instant motion, she argues that she has not violated Rule 26.[12] She correctly notes that treating physicians are generally exempt

---

[12] R. Doc. No. 45, at 2.

from the Rule 26(a)(2)(B) written report requirement,[13] but she does not acknowledge that parties who intend to offer expert testimony by treating physicians must provide summary disclosures pursuant to Rule 26(a)(2)(C). Although plaintiff argues that Seymour and French "should not be precluded from testifying as to causation as they possess firsthand knowledge of the treatment obtained,"[14] she does not address the case law establishing that causation testimony is expert testimony requiring compliance with Rule 26. *E.g.*, *Warren*, 2020 WL 4260448, at *3. The Court concludes that Herrington has not complied with disclosure requirements of Rule 26.

## B. Rule 37 Limitation of Testimony

Because Herrington has not complied with Rule 26, the Court addresses whether her treating physicians' testimony should be limited pursuant to Rule 37.

---

[13] *Id.*

[14] *Id.* Herrington does not address those portions of French's deposition testimony, attached to defendant's motion *in limine*, indicating that French's treatment of Herrington has not provided him with a basis to testify as to causation of her injuries. In the deposition, French stated that he did not treat Herrington in March 2021, the time of the alleged fall, and that he could not draw conclusions about causation from his treatment of her. R. Doc. No. 43-4, Ex. B, at 8 (in response to the question of whether Herrington's rib fracture was a result of the alleged fall in March 2021, French responds "Well, I can't really comment on that since I didn't treat her for that."); 9–10:

[In response to the question of whether Herrington's rotator cuff tear was likely a result of the alleged fall]: "Well, again what I was testifying to earlier was just the medical records from the ER visit. So, I think, if you wanted me to, you know, go into more depth on this, we would probably need to look at, you know, the records of whoever treated her after the fall, in other words, after that ER visit. So, I would kind of defer to whoever treated her at first on whether [the injury] was more probable or not, you know, related to the fall. . . . Because when I [discussed causation] earlier I was really just basing that on the ER visit, which was not my visit."

Herrington's opposition to the instant motion references only the third factor considered in determining whether to exclude under Rule 37, asserting that "there would be no surprise to defense nor [would] defense [be] unfairly prejudiced" should the treating physicians be allowed to testify without limitation.[15] As support for this proposition, she references the fact that French has already been deposed.[16] But French's deposition transcript indicates that he has little knowledge about the causation of Herrington's injuries, and Herrington has not disclosed any basis for French's testimony beyond his treatment records or the information contained in the deposition. Accordingly, the Court concludes that permitting French to testify regarding information not disclosed in his treatment records or deposition would constitute unfair surprise to DG. Likewise, as Herrington has made no disclosures as to the substance of or basis for Seymour's testimony beyond his treatment records, and he has not been deposed, allowing him to testify beyond the scope of his treatment records would unfairly prejudice DG.

Considering the remaining factors, Herrington has offered no explanation for her failure to comply with Rule 26. The Court assumes (though Herrington does not argue) that the proposed testimony by the treating physicians would be important to her case. Since the pretrial conference in this matter is scheduled for October 19, less than two weeks away, a continuance of the disclosure deadline is not feasible.

---

[15] *Id.* at 3.
[16] *Id.* at 2.

Three of the four factors weigh in favor of limitation. Accordingly, the Court concludes that the testimony of Seymour and French should be limited to information contained in their medical records and opinions formed during the course of treatment and, with regard to French, the deposition testimony. *See In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 2021 WL 111772, at *1; *Perdomo*, 2012 WL 2138106, at *1.

Herrington's passing references to applicable case law do not change this conclusion. In *Mahar v. National Railroad Passenger Corp.*, a case in another section of this District, the court concluded that the four-factor test did not favor exclusion of expert testimony by the plaintiff's treating physicians. No. 20-2994, 2022 WL 1102221, at *5–6 (E.D. La. Apr. 13, 2022) (Vitter, J.). That case is distinguishable on several grounds. There, the plaintiff made disclosures which, though noncompliant with Rule 26(a)(2)(C), put the defendant on notice that the treating physicians would testify "as to medical causation based upon their treatment of plaintiff." *Id.* at *6. The defendant nevertheless chose not to depose any of the treating physicians, "and ignored correspondence from [p]laintiff's counsel regarding the need for such depositions." *Id.* Here, Herrington has made no Rule 26(a)(2)(C) disclosures, and DG has deposed French (though not, apparently, Seymour).

The only other case Herrington cites in her opposition is *Anders v. Hercules Offshore Services, LLC*, for the proposition that there would be no surprise if the proposed testimony were allowed.[17] 311 F.R.D. 161 (E.D. La. 2015) (Africk, J.).

---

[17] R. Doc. No. 45, at 2–3.

Herrington makes no effort to compare the facts of that case to those of her own. In *Anders*, the Court determined that the plaintiff satisfied Rule 26(a)(2)(C) when the disclosures for one treating physician incorporated by reference the facts of another disclosed expert's report. *Id.* at 164. Here, in contrast, Herrington has made no Rule 26(a)(2)(C) disclosures at all.

## IV.   CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that defendant's motion *in limine* is **GRANTED**.  Seymour and French may testify only as to information contained in their medical records and opinions formed during the course of their treatment of Herrington and ,with regard to French, fact and opinion testimony contained in his deposition testimony.

New Orleans, Louisiana, October 11, 2022.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**